IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM D.M. WOODS, #A0264228, | ) ) ) | CIV. NO. 1:18-cv-00095 DKW-KSC |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | ) ) | |
| DEANE HATAKEYAMA, M.D., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Before the court is pro se Plaintiff William Woods' prisoner civil rights Complaint. ECF No. 1. Woods is incarcerated at the Halawa Correctional Facility ("HCF") and is proceeding in forma pauperis. ECF No. 5. Woods claims that Defendant Deane Hatakeyama, M.D., violated the Eighth Amendment when he allegedly denied Woods adequate health care. For the following reasons, Woods' Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a) for failure to state a claim, albeit with leave to amend.

## I. BACKGROUND

Woods was diagnosed with Ideopathic Pulmonary Atrial Hypertension-Vasoreactive, Functional Class II, in August 2013. Woods says that he had been prescribed a specific dosage of medication for pulmonary hypertension since that time. Woods has been a patient of The Queen's Medical Center ("QMC")

Pulmonary Hypertension Program under the care of pulmonary hypertension specialist Dr. Chris Flack since at least January 10, 2014. Woods says this information should have been available in his prison institutional records.

Dr. Hatakeyama met with Woods on or about November 28, 2016, during Woods' medical intake assessment at HCF. Woods authorized QMC to release his medical records that day, which were faxed to HCF on or about December 7, 2016. Woods complains that Dr. Hatakeyama lowered the dosage of his medication and refused to increase it until the HCF Medical Director reviewed his complaint. Woods alleges this change in medication damaged his heart and increased his hypertension. He seeks lifetime medical treatment and punitive damages.

## II. **SCREENING**

Federal courts must conduct a pre-answer screening in all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The court must identify cognizable claims and dismiss those claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at §§ 1915(b)(2) and 1915A(b). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"

*Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must "set forth specific facts as to each individual defendant's" deprivation of his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). That is, a plaintiff must demonstrate each defendant's personal participation in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010).

Pro se prisoners' pleadings must be liberally construed and given the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l*

*Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam) (citation omitted). Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. **DISCUSSION**

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.     Eleventh Amendment**

Woods names Dr. Hatakeyama in his individual and official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective

declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (*quoting Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Ex parte Young*, 209 U.S. 123 (1908).

Because Woods does not allege an ongoing violation of federal law, there is no basis for his seeking prospective injunctive relief. Claims against Dr. Hatakeyama in his official capacity are DISMISSED.

**B.     Eighth Amendment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires a prisoner to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.*

(quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), *overruled on other grounds by WMX Technologies Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only when the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted).

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014) 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ); *Wilhelm v. Rothman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) ). Rather, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious

disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

"Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (quoting *Toguchi*, 391 F.3d at 1060); *see Estelle*, 429 U.S. at 106. Negligence, or even gross negligence, does not amount to deliberate indifference and cannot satisfy the subjective prong of an Eighth Amendment claim. *See Wilhelm*, 680 F.3d at 1122-23 (finding doctor was not deliberately indifferent when he declined to operate, but had merely made a "negligent misdiagnosis" that plaintiff was not suffering from a hernia).

Accepting that Woods' pulmonary hypertension represents a serious medical need, Woods nonetheless fails to assert sufficient facts to show that Dr. Hatakeyama acted with deliberate indifference to this serious medical condition. While Woods, and possibly the HCF Medical Director, may have disagreed with Dr. Hatakeyama's decision to lower Woods' medication, this disagreement does not show that Dr. Hatakeyama acted purposefully to deny Woods medical care or failed to respond to Woods' serious medical needs. Dr. Hatakeyama changed Woods' medication dosage only after he had examined Woods on intake at HCF

and reviewed Woods' QMC medical records. Woods also suggests that Dr. Hatakeyama had access to his 2014 prison medical records. Woods does not allege that Dr. Hatakeyama disregarded this information, or denied him *any* medication. Rather, he says that Dr. Hatakeyama lowered his dosage only until the HCF Medical Director reviewed the information and his recommendation and determined that the original dosage should be maintained. The decision to lower Woods' medication dosage appears to be "a classic example of a matter for medical judgment" that "does not represent cruel and unusual punishment." *Estelle*, 429 U.S. at 107. While that decision may have been incorrect, even negligent, it does not support a claim for deliberate indifference.

Moreover, Woods' Complaint lacks the "further factual enhancement" *Iqbal*, 556 U.S. at 678 (citation omitted), necessary to demonstrate that Dr. Hatakeyama's "purposeful act or failure to respond to [Woods'] pain or possible medical need" caused Woods harm by deliberate indifference. *Wilhelm*, 680 F.3d at 1122 (citation omitted). Woods offers only "labels and conclusions" and "formulaic recitation[s] of the elements of a[n] [Eighth Amendment] cause of action," which is insufficient. *Iqbal*, 662 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Woods' fails to allege any facts that show that Dr. Hatakeyama's decision to lower his dosage was medically unacceptable or was the actual cause of Woods'

8

worsening hypertension.  Woods does not state when Dr. Hatakeyama lowered the medication, how long he remained at a lower dose, or when the Medical Director determined that it should be raised back to its previous level.  Woods simply sets forth the bare minimum of facts regarding his claim and concludes that Dr. Hatakeyama's treatment worsened his condition and was made with deliberate indifference to his medical needs.  These unsupported "[t]hreadbare recitals of the elements of a cause of action" are insufficient to state a constitutional violation *Iqbal*, 556 at 678.  Woods' claim against Dr. Hatakeyama is DISMISSED.

## IV.  **LEAVE TO AMEND**

Woods' Complaint is DISMISSED with leave to amend as limited above.  Woods may file an amended complaint on or before May 4, 2018 that cures the deficiencies noted above.  If Woods elects to amend his pleading, he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Hawaii.  Local Rule LR10.3 requires that an amended complaint be complete in itself without reference to any prior pleading.  Any amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, submitted on the court's prisoner civil rights form, and will supersede the preceding complaint.  *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10.  Defendants not

renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012).

## V. 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") restricts prisoners' ability to proceed in forma pauperis ("IFP") when filing certain federal lawsuits. Title 28, United States Code § 1915(g) provides a "three-strikes" rule that bars prisoners from proceeding IFP if they have accrued "three strikes" under the statute:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Woods is notified that if he fails to cure the deficiencies in his Complaint, he will likely incur a strike.

## VI. CONCLUSION

(1) The Complaint is DISMISSED with leave to amend as a result of Woods' failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(1) and 1915A(a).

(2) Woods may file an amended complaint on or before May 4, 2018 that cures the deficiencies discussed above. Failure to do so will result in dismissal of this action for failure to state a claim and may result in a strike pursuant to 28 U.S.C. § 1915(g).

(3) The Clerk is DIRECTED to send Woods a blank prisoner civil rights form so that he can comply with the directions of this Order.

IT IS SO ORDERED.

DATED: April 3, 2018 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Woods. v. Hatakeyama*, No. 1:18-cv-00095 DKW-KSC; **Order Dismissing Complaint With Leave Granted to Amend**; Scrng '18/Woods 18-95 (dsm R8 8amd lv amd)